FILED
 2014 Aug-28  AM 11:40
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **KIMBERLY S. MCDONALD,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **CAROLYN W. COLVIN,** ) <br> **Acting Commissioner of Social** ) <br> **Security,** ) <br> ) <br> **Defendant.** ) | **CIVIL ACTION NO.** <br> **6:13-0499-AKK** |

## MEMORANDUM OPINION

Plaintiff Kimberly S. McDonald ("McDonald") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I. Procedural History

McDonald, whose past relevant experience includes work as a cashier, chicken puller, and fast food manager, filed an application for Title II disability

insurance benefits and Title XVI Supplemental Security Income on January 15, 2009, alleging a disability onset date of June 14, 2006, due to asthma, chronic obstructive pulmonary disease (COPD), back problems, carpal tunnel syndrome, and depression. (R. 23, 239). After the SSA denied McDonald's claim, she requested a hearing before an ALJ. (R. 107-08). The ALJ subsequently denied McDonald's claim, (R. 20-29), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-6). McDonald then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the

final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

### IV. The ALJ's Decision

In performing the five step analysis, the ALJ found that McDonald had not engaged in substantial gainful activity since June 14, 2006, and, therefore, met Step One. (R. 24). Next, the ALJ found that McDonald satisfied Step Two because she suffered from the severe impairments of "degenerative disc disease of the thoracic and lumbar spine, stable asthma and obesity." *Id*. The ALJ then proceeded to the next step and found that McDonald failed to satisfy Step Three because she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." *Id.* Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that McDonald had the following residual functional capacity (RFC):

> the range of motion of her cervical and dorsolumbar spine, shoulders, elbows, forearms, hips, knees, ankles, wrists, hands and fingers are all normal; she can lift and carry up to 20 pounds frequently and up to 50 pounds occasionally; can stand 8 hours in an 8-hour day; can sit 8 hours in an 8-hour day; can walk 8-hours in an 8-hour day. I further find claimant does not require a cane to ambulate; can continuously (2/3 of the time) with both hands reach overhead, handle, finger, feel, push and pull; dominant hand is the right hand; can continuously use both feet to operate foot controls; can continuously climb stairs and ramps, ladders or scaffolds, and balance; can occasionally stoop, kneel, crouch and crawl; has no visual, hearing or environmental limitations.

(R. 25). In light of her RFC, the ALJ held that McDonald was capable of performing her past relevant work. (R. 28-29). Therefore, the ALJ found that

McDonald "has not been under a disability, as defined in the Social Security Act, from June 14, 2006, through the date of this decision." (R. 29).

## V.  Analysis

The court now turns to McDonald's contentions that the ALJ erred by (1) giving little weight to the opinion of her treating physician; (2) giving dispositive weight to nontreating sources; (3) failing to properly consider her obesity in combination with other impairments; and (4) finding she could perform medium work in spite of limiting her to occasional stooping and crouching.  *See* doc. 12 at 6-10.  The court addresses each contention in turn.

### A.    The Treating Physician's Opinions

McDonald contends the ALJ erred by giving little weight to the opinions of her treating physician, Dr. Darl W. Rantz.  The medical records show that Dr. Rantz treated McDonald for back pain and COPD from 2004 through March 2011. (R. 356-400, 418-39, 490-91, 505-06).  Dr. Rantz also completed physical and pulmonary residual functional capacity questionnaires on August 14, 2009, that indicated McDonald would be unable to complete an eight-hour workday. (R. 441-49).  McDonald contends that Dr. Rantz's opinion establishes that she is disabled and, consequently, argues the ALJ erred in giving it little weight.

To determine how much weight, if any, to give Dr. Rantz's opinions, the ALJ had to consider several factors, including whether Dr. Rantz (1) had examined McDonald; (2) had a treating relationship with McDonald; (3) presented medical evidence and explanation supporting the opinion; (4) provided an opinion that is consistent with the record as a whole; and (5) is a specialist. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Because Dr. Rantz is a treating physician, the ALJ must give "controlling weight" to his opinion if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Moreover, in this circuit "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" exists when the evidence does not bolster the treating physician's opinion; a contrary finding is supported by the evidence; or the opinion is conclusory or inconsistent with the treating physician's own medical records. *Id*. Finally, if the ALJ rejects a treating physician's opinion, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion . . . and the failure to do so is reversible error." *Id.*

Contrary to McDonald's contention, the ALJ correctly applied the law and articulated good cause for giving Dr. Rantz's opinion "little weight." (R. 28). In a nutshell, the ALJ discounted Dr. Rantz's opinions because "the two opinions are inconsistent with each other," and with Dr. Rantz's treatment records. *Id.* As the ALJ noted, in the physical questionnaire "Dr. Rantz stated that [McDonald] could sit for less than two hours at a time," while in the pulmonary questionnaire "he stated that [McDonald] could sit for up to two hours at a time." (R. 28, 443, 448). Likewise, the ALJ observed that "in one opinion, he stated that [McDonald] could sit, stand or walk less than two hours in total during an 8-hour workday, but he stated in the other that [McDonald] could sit, stand or walk about two hours in an 8-hour day." *Id.* Moreover, the ALJ found that Dr. Rantz's statement that McDonald had severe COPD, (R. 444), was not supported by his treatment records or the objective medical evidence as a whole. (R. 28). For example, the ALJ noted that although McDonald "was hospitalized for pneumonia and septic shock in November of 2008, her treatment records show that both her COPD and asthma [were] well controlled with medications." *Id.* The report of Dr. Bruce Romeo is also inconsistent with Dr. Rantz's indication of severe COPD because he found no wheezing, rales, or rhonchi on examination, and diagnosed only "[a]sthma with stable clinical course." (R. 494-95).

Based on the record before this court, it is evident that the ALJ considered the factors set forth in the regulations and, consistent with the law of this circuit, articulated good cause for giving Dr. Rantz's opinions little weight: i.e., that Dr. Rantz's opinions were inconsistent with each other, his own treatment notes, and the other medical evidence.  Therefore, the ALJ had good cause for rejecting Dr. Rantz's opinions.  *See Lewis*, 125 F.3d at 1440 ("good cause" exists when physician's opinion is inconsistent with own records, a contrary finding is supported by the evidence, and the evidence does not bolster physician's opinion); 20 C.F.R. § 416.927(c)(2) (opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive controlling weight).  Accordingly, because this court does not reevaluate the evidence, or substitute its judgment for that of the Commissioner, *see Martin*, 894 F.2d at 1529, the ALJ committed no reversible error.

B.   The Weight Given to the Nontreating Physicians' Opinions

McDonald next contends the ALJ gave improper weight to the opinions of the medical expert, Dr. Arthur Brovender, an orthopedic specialist, who testified at McDonald's second ALJ hearing.[1]  This contention is without merit, however, because the ALJ only relied on Dr. Brovender's opinions to establish McDonald's

---

[1] The ALJ conducted three hearing on McDonald's claim.  (R. 58-89, 507-27, 528-83).

severe impairments at Step Two, and to find the she did not meet a listing based on her degenerative disc disease. (R. 24). Significantly, McDonald does not contest these findings by the ALJ.

McDonald also contends that the ALJ gave undue weight to the opinions of the SSA consultative examiner Dr. Bruce Romeo, who completed a medical source statement upon which the ALJ based his RFC finding. Indeed, McDonald is correct, and the ALJ, in fact, gave Dr. Romeo's findings "significant weight." However, in accordance with the law and regulations, the ALJ set forth his reasons for doing so. First, the ALJ explained that Dr. Romeo's findings "are based upon direct observation and examination of [McDonald]," and that his examination "provides the most recent information regarding [McDonald's] physical condition." (R. 28). Second, in contrast with Dr. Rantz's opinions, the ALJ noted that "Dr. Romeo's findings are internally consistent as well as consistent with the evidence as a whole." *Id.* Finally, the ALJ concluded that because Dr. Romeo's findings "have been objectively determined and [are] uncontradicted by other objective evidence, they are entitled to significant weight." *Id.* The ALJ's discussion shows that he properly considered the factors set forth in the regulations in giving Dr. Romeo's medical source statement significant weight. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c) (more weight is given when the

physician presents supporting evidence and explanation, and the opinion is consistent with the record as a whole). Accordingly, the ALJ committed no reversible error.

    C.    <u>Obesity</u>

McDonald's next contention of error is that the ALJ failed to "take full account of the impairments in combination including asthma, . . . especially in the context of obesity." Doc. 12- at 8. Under the law, when a claimant has several impairments, the Commissioner "has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled." *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991). Unfortunately for McDonald, the record shows that the ALJ properly considered her impairments, including obesity, in combination. Specifically, the ALJ stated that he "evaluated [McDonald's] morbid obesity and accompanying impairments in accordance with SSR 02-1p," and recognized that the ruling required him to "assess the effect that obesity has on [McDonald's] ability to perform routine movement and necessary physical activity within the work environment." (R. 25). However, the ALJ found that the record "does not contain evidence indicating that [McDonald's] obesity alone has caused her to be unable to work, nor does it show that in conjunction with her other impairment

11

that it has disabled her," and concluded that McDonald's "obesity is not, by itself, or in conjunction with her other impairment, so severe as to prevent her from working." *Id.* This shows that the ALJ properly considered McDonald's obesity under SSR 02-1p, and also that he considered all of McDonald's impairments in combination. *See Jones*, 941 F.2d at 1533 (ALJ's finding that a claimant "does not have 'an impairment *or combination of impairments* listed in, or medically equal to one [in the Listings]'" was sufficient evidence to show the ALJ had considered the combined effect of the impairments) (emphasis in original). Accordingly, the ALJ committed no reversible error.

  D. <u>Medium Work</u>

  Finally, McDonald contends that it is "not clear from the ALJ's RFC assessment how an individual could be expected to perform medium work lifting up to fifty pounds and being on her feet for eight hours a day with [a restriction for] only occasional stooping and crouching." Doc. 12 at 9. According to McDonald, "the full range of medium work usually requires frequent bending-stooping." *Id.* at 10. Unfortunately, McDonald's contention ignores that the ALJ did not find McDonald had the RFC for a full range of medium work. (R. 25). Moreover, the ALJ asked the vocational expert whether an individual with McDonald's RFC, which included a restriction for only occasional stooping and

crouching, could perform McDonald past work, and the vocational expert testified that such an individual could perform all of McDonald's past work. Accordingly, McDonald's contention is without merit.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that McDonald is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioners final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

Done this 28th day of August, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE